**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC., | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:07-CV-00555-TJW-CE |
| v. | § | |
| | § | Judge T. John Ward |
| AOL, LLC, ET AL., | § | Magistrate Judge Charles Everingham |
| Defendant. | § | |
| | § | Jury Trial Demanded |
| | § | |

**THE DALLAS MORNING NEWS, INC.'S ANSWER AND COUNTERCLAIMS**
**TO BENEFICIAL INNOVATIONS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant The Dallas Morning News, Inc. ("TDMN") responds to Beneficial Innovations, Inc.'s ("Plaintiff's") Complaint in accordance with the numbered paragraphs thereof, as follows. All allegations of fact and conclusions of law contained in Plaintiff's Complaint are denied, except those specifically admitted herein:

**INTRODUCTION**

1. TDMN is without sufficient information to admit or deny the allegations in Complaint paragraph pertaining to Plaintiff's ownership of the asserted patents and alleged direct and indirect infringement of the asserted patents by the other Defendants. TDMN denies that it infringes the asserted patents in any manner or under any theory, and further specifically denies that it has (a) used or continues to use Plaintiff's patented technology in products that it makes, uses, imports, sells, or offers to sell or (b) contributed to or induced, or continues to contribute to or induce, others to infringe the Patents. TDMN admits that Plaintiff purports to seek damages

and an injunction, but denies Plaintiff's entitlement to same. TDMN denies the remainder of Complaint paragraph 1.

## JURISDICTION AND VENUE

2. TDMN admits that this action purports to arise under the Patent Act, 35 U.S.C. § 271 and 281, *et seq*. TDMN does not contest this Court's subject matter jurisdiction. TDMN denies that it infringes or has infringed Plaintiff's alleged patent claims. TDMN denies the remainder of Complaint paragraph 2.

3. TDMN denies that it has committed acts or continues to commit acts within this judicial district giving rise to this action. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies these allegations.

## PLAINTIFF BENEFICIAL INNOVATIONS

4. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies these allegations.

## DEFENDANTS

5. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies these allegations.

6. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies these allegations.

7. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies these allegations.

8. TDMN admits that it is a Delaware corporation having its principal place of business in Dallas, Texas.

9. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies these allegations.

10. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies these allegations.

11. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies these allegations.

12. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies these allegations.

**FIRST CLAIM FOR PATENT INFRINGEMENT**

13. TDMN refers to and incorporates herein its responses to paragraphs 1-12 above.

14. TDMN admits that the United States Patent and Trademark Office issued the '702 Patent on March 30, 2004. TDMN admits that a copy of what appears to be the '702 Patent is attached as Exhibit A to the Complaint filed with this Court. TDMN denies that a copy of the '702 Patent was attached as Exhibit A to the Complaint served on TDMN. TDMN denies that the '702 patent validly issued. TDMN is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies these allegations.

15. TDMN admits that the United States Patent and Trademark Office issued the '366 Patent on February 6, 2001. TDMN admits that a copy of what appears to be the '366 Patent is attached as Exhibit B to the Complaint filed with this Court. TDMN denies that a copy of the '702 Patent was attached as Exhibit A to the Complaint served on TDMN. TDMN denies that the '366 patent validly issued. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies these allegations.

16. TDMN denies that it has infringed, contributed to the infringement, or induced others to infringe the '702 Patent, and further denies that "unless enjoined" it will continue to infringe the '702 Patent, by using the method(s) claimed in the '702 Patent or by contributing to or inducing others to use the claimed method(s), including at least the use of the patented methods on the www.dallasnews.com website, without a license or permission from Plaintiff. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint and, therefore, denies these allegations.

17. TDMN denies that Plaintiff has been damaged, or will be damaged in the future, by any action of TDMN, including any alleged patent violation. TDMN denies that Plaintiff is entitled to an award of damages or an injunction due to any action or omission of TDMN. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and, therefore, denies these allegations.

18. TDMN denies that it has been infringing or willfully infringing any claims of the '702 Patent. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, therefore, denies these allegations.

19. TDMN denies that Plaintiff is entitled to recover damages from TDMN for any reason, including any allegation of infringement. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies these allegations.

20. TDMN demands a trial by jury in this action.

### SECOND CLAIM FOR PATENT INFRINGEMENT

21. TDMN refers to and incorporates herein its responses to paragraphs 1-20 above.

22. TDMN admits that the United States Patent and Trademark Office issued the '366 Patent on February 6, 2001. TDMN admits that a copy of what appears to be the '366 Patent is attached as Exhibit B to the Complaint. TDMN denies that the '366 patent validly issued. TDMN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies these allegations.

23. TDMN denies that it has infringed, contributed to the infringement, or induced others to infringe the '366 Patent, and further denies that "unless enjoined" it will continue to infringe the '366 Patent, by using the method(s) claimed in the '702 Patent or by contributing to or inducing others to use the claimed method(s), including at least the use of the patented methods on the www.dallasnews.com website, without a license or permission from Plaintiff. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies these allegations.

24. TDMN denies that Plaintiff has been damaged, or will be damaged in the future, by any action of TDMN, including any alleged patent violation. TDMN denies that Plaintiff is entitled to an award of damages or an injunction due to any action or omission of TDMN. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and, therefore, denies these allegations.

25. TDMN denies that it has been infringing or willfully infringing any claims of the '702 Patent. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and, therefore, denies these allegations.

26. TDMN denies that Plaintiff is entitled to recover damages from TDMN for any reason, including any allegation of infringement. TDMN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and, therefore, denies these allegations.

27. TDMN demands a trial by jury in this action.

## PRAYER FOR RELIEF

TDMN denies that Plaintiff is entitled to any relief and denies all of the allegations contained in paragraphs A – F of Plaintiff's Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

28. TDMN reserves the right to later request the addition of, or assert claims against, third parties. TDMN also asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available:

## FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

29. TDMN does not infringe and has not infringed, directly or indirectly, any valid claim of the '702 Patent, either literally or under the doctrine of equivalents, willfully or otherwise. TDMN does not and has not contributed to or induced others to infringe the '702 Patent.

30. TDMN does not infringe and has not infringed, directly or indirectly, any valid claim of the '366 Patent, either literally or under the doctrine of equivalents, willfully or otherwise. TDMN does not and has not contributed to or induced others to infringe the '366 Patent.

## SECOND AFFIRMATIVE DEFENSE
(Invalidity)

31. Upon information and belief, the claims of the '702 Patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

32. Upon information and belief, the claims of the '366 Patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
(Estoppel)

33. Plaintiff is estopped by representations or actions taken during the prosecution of the '702 Patent and '366 Patent under the doctrine of prosecution history estoppel.

#### FOURTH AFFIRMATIVE DEFENSE
(35 U.S.C. § 287)

34. On information and belief, Plaintiff's claims for patent infringement are limited and/or barred in whole or in part by the provisions of 35 U.S.C. § 287.

#### FIFTH AFFIRMATIVE DEFENSE
(Laches, Estoppel, Unclean Hands)

35. On information and belief, Plaintiff's claims for patent infringement are limited and/or barred in whole or in part by laches, equitable estoppel and/or unclean hands.

#### SIXTH AFFIRMATIVE DEFENSE
(Failure to State a Claim)

36. The Complaint fails to state a claim upon which relief can be granted.

#### COUNTERCLAIMS OF DEFENDANT THE DALLAS MORNING NEWS, INC.

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant The Dallas Morning News, Inc. ("TDMN"), for its Counterclaims against Plaintiff Beneficial Innovations, Inc.'s ("Plaintiff"), alleges as follows:

#### PARTIES

1. TDMN is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Dallas, Texas.

2. Plaintiff alleges that it is a corporation organized and existing under the laws of the state of Nevada.

#### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Venue is proper in this judicial district for these Counterclaims pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNTERCLAIMS

5. The '702 Patent was issued by the United States Patent and Trademark Office on March 30, 2004. Plaintiff claims to own all rights, title, and interest in and to the '702 Patent.

6. Plaintiff has alleged that certain acts by TDMN infringe the '702 Patent.

7. An actual controversy exists between Plaintiff and TDMN regarding the validity and infringement of any valid and enforceable claim of the '702 Patent.

8. The '366 Patent was issued by the United States Patent and Trademark Office on February 6, 2001. Plaintiff claims to own all rights, title, and interest in and to the '366 Patent.

9. Plaintiff has alleged that certain acts by TDMN infringe the '366 Patent.

10. An actual controversy exists between Plaintiff and TDMN regarding the validity and infringement of any valid and enforceable claim of the '366 Patent.

## FIRST COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of the '702 Patent)

11. TMDN incorporates the allegations in paragraphs 1 through 36 of the Answer and defenses herein and paragraphs 1 through 10 of these counterclaims as if fully set forth herein.

12. TDMN has not infringed and is not infringing any valid and enforceable claim of the '702 Patent; and TDMN has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and enforceable claim of the '702 Patent.

### SECOND COUNTERCLAIM
(Declaratory Judgment of Non-Infringement of the '366 Patent)

13.    TMDN incorporates the allegations in paragraphs 1 through 36 of the Answer and defenses herein and paragraphs 1 through 12 of these counterclaims as if fully set forth herein.

14.    TDMN has not infringed and is not infringing any valid and enforceable claim of the '366 Patent; and TDMN has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and enforceable claim of the '366 Patent.

### THIRD COUNTERCLAIM
(Declaratory Judgment of Invalidity of the '702 Patent)

15.    TMDN incorporates the allegations in paragraphs 1 through 36 of the Answer and defenses herein and paragraphs 1 through 14 of these counterclaims as if fully set forth herein.

16.    The claims of the '702 Patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH COUNTERCLAIM
(Declaratory Judgment of Invalidity of the '366 Patent)

17.    TMDN incorporates the allegations in paragraphs 1 through 36 of the Answer and defenses herein and paragraphs 1 through 16 of these counterclaims as if fully set forth herein.

18.    The claims of the '366 Patent are invalid for failing to comply with one or more requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### EXCEPTIONAL CASE

19.    This is an exceptional case entitling TDMN to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

TDMN prays for a Judgment as follows:

(a)     dismissal with prejudice of Plaintiff's Complaint against TDMN;

(b)     a declaration that the '702 Patent is invalid;

(c)     a declaration that the '366 Patent is invalid;

(d)     a declaration that TDMN has not infringed and does not infringe, directly or indirectly, any valid claim of the '702 Patent, either literally or under the doctrine of equivalents, willfully or otherwise;

(e)     a declaration that TDMN has not infringed and does not infringe, directly or indirectly, any valid claim of the '366 Patent, either literally or under the doctrine of equivalents, willfully or otherwise;

(f)     a declaration that Plaintiff's claims are barred by laches, equitable estoppel, and/or unclean hands;

(g)     a denial of Plaintiff's request for damages and injunctive relief;

(h)     a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. § 285 and the awarding of costs and reasonable attorneys' fees to TDMN to the extent permitted by law; and

(i)     the grant to TDMN of any further equitable or legal relief as the Court deems just and proper.

Dated: February 8, 2008 */s/ V. Bryan Medlock, Jr.*
**V. BRYAN MEDLOCK, JR.**
Lead Attorney
Texas State Bar No. 13897000
Email: bmedlock@sidley.com
**STEVE MALIN**
Texas Bar No. 12859750
Email: smalin@sidley.com
**KELLEY CONATY**
Texas State Bar No. 24040716
Email: kconaty@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: (214) 981-3300
Fax: (214) 981-3400

Michael E. Jones
Texas State Bar No. 10929400
Email: mikejones@potterminton.com
John F. Bufe
Texas State Bar No. 03316930
Email: johnbufe@potterminton.com
**POTTER MINTON**
110 N. College, Ste, 500
PO Box 359
Tyler, Texas   75710-0359
Tel. 903-597-8311
Fax 903-593-0846

**ATTORNEYS FOR DEFENDANT**
**THE DALLAS MORNING NEWS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

_____/s/ Kelley Conaty_____