UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

BENEFICIAL INNOVATIONS, INC.,

    Plaintiff,

v.

AOL LLC, a Delaware limited liability company;
THE DALLAS MORNING NEWS, INC., a
Delaware corporation; GOOGLE INC., a Delaware
corporation; IGN ENTERTAINMENT, INC., a
Delaware corporation; MORRIS
COMMUNICATIONS COMPANY, LLC, a Georgia
limited liability company; TRIBUNE
INTERACTIVE, INC., a Delaware corporation;
YAHOO! INC., a Delaware corporation; and
YOUTUBE, LLC, a Delaware limited liability
company,

    Defendants.

Case No.: 2:07-CV-555 – (TJW-DE)
Jury Trial Demanded

## DEFENDANTS GOOGLE INC.'S AND YOUTUBE, LLC'S ANSWER AND COUNTERCLAIMS

Defendants Google Inc. ("Google") and YouTube, LLC ("YouTube"), by and through their undersigned counsel, respond to the Complaint of Plaintiff Beneficial Innovations, Inc. ("Plaintiff") and further counterclaim as follows:

### INTRODUCTION

1. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegations regarding ownership of United States Patent Nos. 6,712,702 (the "'702 Patent") and 6,183,366 (the "'366 Patent"), and on that basis deny those allegations. Google and YouTube deny the remaining allegations in Paragraph 1 as they relate to Google and YouTube. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint, and

GOOGLE INC.'S AND YOUTUBE, LLC'S ANSWER AND COUNTERCLAIMS
IN RESPONSE TO PLAINTIFF'S COMPLAINT – Page 1

on that basis deny those allegations.

## JURISDICTION AND VENUE

2.  Google and YouTube admit that Plaintiff purports to bring this action under 35 U.S.C. §§ 271 and 281, *et seq.*, and that Plaintiff purports to assert subject matter jurisdiction under 28 U.S.C. § 1338(a).  The remaining allegations set forth in Paragraph 2 state a legal conclusion to which no response is required; if such a response is required, Google and YouTube deny those allegations.

3.  Google and YouTube deny that they have committed acts of infringement in the Eastern District of Texas or elsewhere.  Google and YouTube admit that they do business in the Eastern District of Texas, and, for the purposes of this action, do not contest that venue is proper in the Eastern District of Texas.

## PLAINTIFF BENEFICIAL INNOVATIONS

4.  Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and on that basis deny those allegations.

## DEFENDANTS

5.  Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and on that basis deny those allegations.

6.  Google and YouTube admit the allegations of Paragraph 6 of the Complaint.

7.  Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis deny those allegations.

8.	Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and on that basis deny those allegations.

9.	Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint, and on that basis deny those allegations.

10.	Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and on that basis deny those allegations.

11.	Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and on that basis deny those allegations.

12.	Google and YouTube admit that YouTube is a Delaware limited liability company with its principal place of business in San Bruno, California, and deny the remaining allegations of Paragraph 12 of the Complaint.

## FIRST CLAIM FOR PATENT INFRINGEMENT

### (Infringement of U.S. Patent No. 6,712,702)

13.	Paragraph 13 incorporates the allegations of Paragraphs 1 through 12 of the Complaint, and Google and YouTube therefore incorporate by reference their responses to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14.	Google and YouTube admit that exhibit "A" of the Complaint purports to be a copy of United States Patent No. 6,712,702 (the "'702 Patent"), and Google and YouTube refer Plaintiff to that document for its full and complete contents. Google and YouTube deny all

characterizations inconsistent therewith.  Google and YouTube deny that the '702 Patent was legally issued or that it is valid and/or enforceable.  Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14, and on that basis deny those allegations.

15. Google and YouTube admit that exhibit "B" of the Complaint purports to be a copy of United States Patent No. 6,183,366 (the "'366 Patent"), and Google and YouTube refer Plaintiff to that document for its full and complete contents.  Google and YouTube deny all characterizations inconsistent therewith.  Google and YouTube deny that the '366 Patent was legally issued or that it is valid and/or enforceable.  Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15, and on that basis deny those allegations.

16. Google and YouTube deny the allegations in Paragraph 16 as they relate to Google and YouTube.  Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and on that basis deny those allegations.

17. Google and YouTube deny the allegations in Paragraph 17.

18. Google and YouTube deny the allegations in Paragraph 18 as they relate to Google and YouTube.  Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18, and on that basis deny those allegations.

19. Google and YouTube deny the allegations in Paragraph 19 as they relate to Google and YouTube.  Google and YouTube deny that Plaintiff is entitled to any of the relief requested in the Complaint as it relates to Google and YouTube.  Google and YouTube lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 19, and on that basis deny those allegations.

20. Google and YouTube admit that the Complaint sets forth a demand for a trial by jury on all issues relating to the first claim as set forth in paragraphs 13 through 20 of the Plaintiff's Complaint. Google and YouTube deny that Plaintiff is entitled to a jury trial except as permitted by law.

## SECOND CLAIM FOR PATENT INFRINGEMENT

### (Infringement of U.S. Patent No. 6,183,366)

21. Paragraph 21 incorporates the allegations of Paragraphs 1 through 12 of the Complaint, and Google and YouTube therefore incorporate by reference their responses to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

22. Google and YouTube admit that exhibit "B" of the Complaint purports to be a copy of United States Patent No. 6,183,366 (the "'366 Patent"), and Google and YouTube refer Plaintiff to that document for its full and complete contents. Google and YouTube deny all characterizations inconsistent therewith. Google and YouTube deny that the '366 Patent was legally issued or that it is valid and/or enforceable. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22, and on that basis deny those allegations.

23. Google and YouTube deny the allegations in Paragraph 23 as they relate to Google and YouTube. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23, and on that basis deny those allegations.

24. Google and YouTube deny the allegations in Paragraph 24.

25. Google and YouTube deny the allegations in Paragraph 25 as they relate to Google and YouTube. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25, and on that basis deny those allegations.

26. Google and YouTube deny the allegations in Paragraph 26 as they relate to Google and YouTube. Google and YouTube deny that Plaintiff is entitled to any of the relief requested in the Complaint as it relates to Google and YouTube. Google and YouTube lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26, and on that basis deny those allegations.

27. Google and YouTube admit that the Complaint sets forth a demand for trial by jury on all issues relating to the second claim as set forth in paragraphs 21 through 26 of the Plaintiff's Complaint. Google and YouTube deny that Plaintiff is entitled to a jury trial except as permitted by law.

## PRAYER FOR RELIEF

28. Google and YouTube deny that Plaintiff is entitled to the relief requested in paragraph (A), and deny that Plaintiff is entitled to the relief requested in paragraphs (B) – (F) of Plaintiff's Prayer for Relief as those requests relate to Google and YouTube. Google and YouTube lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraphs (B) – (F) of Plaintiff's Prayer for Relief, and on that basis deny those allegations.

29. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Google and YouTube deny them.

## DEFENSES

Google and YouTube, for their defenses, plead:

### FIRST DEFENSE
### (Failure to State a Claim)

30.   The Complaint fails to state a claim for which relief can be granted against Google or YouTube.

### SECOND DEFENSE
### (Invalidity of U.S. Pat. No. 6,712,702)

31.   U.S. Pat. No. 6,712,702 is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD DEFENSE
### (Invalidity of U.S. Pat. No. 6,183,366)

32.   U.S. Pat. No. 6,183,366 is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### FOURTH DEFENSE
### (Non-Infringement of U.S. Pat. No. 6,712,702)

33.   Neither Google nor YouTube have infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of U.S. Pat. No. 6,712,702.

### FIFTH DEFENSE
### (Non-Infringement of U.S. Pat. No. 6,183,366)

34.   Neither Google nor YouTube have infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of U.S. Pat. No. 6,183,366.

## SIXTH DEFENSE
**(Claims barred)**

35. Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

## SEVENTH DEFENSE
**(Limitations on Damages and Costs)**

36. Plaintiff's claim for relief and prayer for damages are limited by 35 U.S.C. § 287. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## EIGHTH DEFENSE
**(Plaintiff cannot prove exceptional case)**

37. Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Google and YouTube pursuant to 35 U.S.C. § 285.

## NINTH DEFENSE
**(Equitable Defenses)**

38. The Complaint is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel and/or unclean hands. On information and belief, during prior litigations, Plaintiff became aware of prior art invalidating at least the '702 Patent. Plaintiff nevertheless proceeded to assert the invalid patent in the instant action.

## TENTH DEFENSE
**(Adequate Remedy at Law)**

39. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

## ADDITIONAL DEFENSES RESERVED
**(Reservation of Additional Defenses)**

40. Google and YouTube reserve all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity

that may exist now or that may be available in the future.

## COUNTERCLAIMS

Without waiver of any of their rights, including the right to seek dismissal and/or transfer of this action, Google and YouTube, by and through their undersigned counsel, and by way of Counterclaims against Plaintiff, allege:

## NATURE OF THE ACTION

1. This is an action by defendants and counter-claimants Google and YouTube pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement and invalidity of U.S. Pat. No. 6,712,702 ( the "'702 Patent") and U.S. Patent No. 6,183,366 ( the "'366 Patent").

## PARTIES

2. Google is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3. YouTube is a Delaware limited liability company with its principal place of business at 1000 Cherry Avenue, San Bruno, California 94066.

4. Upon information and belief, Plaintiff is a corporation organized under the laws of the State of Nevada and maintains its principal place of business at 3360 Serene Ave., Henderson, Nevada 89074.

## JURISDICTION AND VENUE

5. These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, et seq., and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. Plaintiff has sued Google and YouTube for patent infringement of the '702 Patent. Google and YouTube deny infringement and deny that the patent is valid or enforceable. There is therefore a substantial, actual, and continuing controversy between Plaintiff and Google and YouTube as to the validity, enforceability, and infringement of the '702 Patent.

8. Plaintiff has sued Google and YouTube for patent infringement of the '366 Patent. Google and YouTube deny infringement and deny that the patent is valid or enforceable. There is therefore a substantial, actual, and continuing controversy between Plaintiff and Google and YouTube as to the validity, enforceability, and infringement of the '366 Patent.

9. Plaintiff has consented to personal jurisdiction by commencing its action for patent infringement in this judicial jurisdiction, as set forth in Plaintiff's Complaint.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,712,702)

10. Google and YouTube repeat and reallege each allegation set forth in Paragraphs 1 through 9 of these counterclaims as though fully set forth herein.

11. Google and YouTube have not infringed and do not infringe any valid and/or enforceable claim of the '702 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

12. A judicial declaration that Google and YouTube do not infringe the '702 Patent is necessary and appropriate at this time so that Google and YouTube can ascertain their rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the '702 Patent.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of U.S. Pat. No. 6,183,366)**

13.     Google and YouTube repeat and reallege each allegation set forth in Paragraphs 1 through 12 of these counterclaims as though fully set forth herein.

14.     Google and YouTube have not infringed and do not infringe any valid and/or enforceable claim of the '366 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

15.     A judicial declaration that Google and YouTube do not infringe the '366 Patent is necessary and appropriate at this time so that Google and YouTube can ascertain their rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the '366 Patent.

## THIRD COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Pat. No. 6,712,702)**

16.     Google and YouTube repeat and reallege each allegation set forth in Paragraphs 1 through 15 of these counterclaims as though fully set forth herein.

17.     The '702 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112.

18.     A judicial declaration that the '702 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Google and YouTube can ascertain their rights and duties with respect to the products and/or services Plaintiff accuses of infringing the '702 Patent.

## FOURTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Pat. No. 6,183,366)**

19.     Google and YouTube repeat and reallege each allegation set forth in Paragraphs 1 through 18 of these counterclaims as though fully set forth herein.

20. The '366 Patent is invalid under the provisions of 35 U.S.C. § 101, *et seq.*, including without limitation §§ 102, 103, and 112.

21. A judicial declaration that the '366 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that Google and YouTube can ascertain their rights and duties with respect to the products and/or services Plaintiff accuses of infringing the '366 Patent.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

22. As discovery in this case has not yet commenced, and as Google and YouTube continue to investigate the allegations set forth in the Complaint, Google and YouTube specifically give notice that they intend to assert additional counterclaims as may become available by law, statute, or upon discovery in this case. As such, Google and YouTube hereby reserve the right to amend their Answer and to assert such additional counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## JURY DEMAND

23. Pursuant to Local Rule CV 38(A) and Fed. R. Civ. P. 38, defendants and counterclaimants Google and YouTube demand a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

Google and YouTube respectfully pray for the following relief:

A. That Plaintiff take nothing by its Complaint;

B. That the Court dismiss each and every claim related to Google or YouTube in Plaintiff's Complaint with prejudice;

C. That the Court find and enter a judgment declaring the '702 Patent and '366 Patent to be invalid under 35 U.S.C. §§ 101, 102, 103, and 112;

D. That the Court find and enter a judgment declaring that all claims of the '702 Patent and '366 Patent are unenforceable;

E. That the Court find and enter a judgment declaring that no claim of the '702 Patent or '366 Patent is infringed or has been infringed by Google or YouTube;

F. That the Court find and enter a permanent injunction restraining Plaintiff and its respective, officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the '702 Patent or the '366 Patent on the basis of the making, using, selling, offering for sale, or importing of any Google or YouTube product or service;

G. That the Court find and enter a judgment declaring that this is an exceptional case justifying award of attorney fees against the Plaintiff pursuant to 35 U.S.C. § 285; and

H. That the Court award Google and YouTube any other relief the Court may deem just, equitable, and proper.

Dated: February 11, 2008                    Respectfully submitted,

/s/
Melissa Richards Smith
Email: melissa@gillamsmithlaw.com
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendants*
Google Inc. and YouTube, LLC

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 11th day of February, 2008.

                                                               __/s/ Melissa R. Smith_____
                                                               Melissa R. Smith