IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BENEFICIAL INNOVATIONS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>BLOCKDOT, INC., a Texas Corporation; CAREERBUILDER, LLC., a Delaware corporation; CNET NETWORKS, INC., a Delaware corporation; DIGG, INC., a Delaware corporation; EBAUM'S WORLD, INC., a New York corporation; JABEZ NETWORKS, INC., a Tennessee corporation; THE NEW YORK TIMES COMPANY, a New York corporation; WASHINGTONPOST.NEWSWEEK INTERACTIVE COMPANY, LLC; a Delaware Corporation; THE WEATHER CHANNEL INTERACTIVE, INC., a Georgia corporation;<br><br>    Defendants. | CASE NO. 2:07-CV-263(TJW/CE)<br><br>**Jury Demanded** |
| AOL LLC, a Delaware limited liability company; THE DALLAS MORNING NEWS, INC., a Delaware corporation; GOOGLE INC., a Delaware corporation; MORRIS COMMUNICATIONS COMPANY, LLC, a Georgia limited liability company; TRIBUNE INTERACTIVE, INC., a Delaware corporation; YAHOO! INC., a Delaware corporation; and YOUTUBE, LLC, a Delaware limited liability company;<br><br>    Defendants. | CASE NO. 2:07-CV-555 (TJW/CE)<br><br>**Jury Demanded** |

PLAINTIFF BENEFICIAL INNOVATIONS, INC.'S
MOTION TO CONSOLIDATE TRIAL DATES

These two actions, Civil Action Nos. 2:07-cv-263 (the *Blockdot* Action) and 2:07-cv-555 (the *AOL* Action), which have been consolidated for purposes of discovery, claim construction, and dispositive motions, began with seventeen Defendants. They have now been reduced to two: The New York Times in the *Blockdot* Action, and Google, Inc. in the *AOL* Action.[1]

Pursuant to Federal Rule of Civil Procedure 42, Plaintiff Beneficial Innovations hereby brings this Motion to Consolidate Trial Dates so that these two Defendants will be tried in one trial – on December 6, 2010 – the date currently set for the *Blockdot* Action.

## BACKGROUND

Pursuant to previous orders issued by this Court, the following key trial events have and will jointly occur in each of these actions:

1. On February 2, 2010, the Court held a joint *Markman* hearing;

2. On April 12, 2010, the Court issued a *Markman* Order that governs both cases;

3. On June 30, 2010, fact discovery will end for all parties in both cases;

4. On July 16, 2010, all parties in both cases with the burden of proof will designate expert witnesses and serve expert reports.

5. On August 13, 2010, all parties in both cases will designate rebuttal experts and serve rebuttal expert reports;

6. On September 24, 2010, discovery will end of all parties in both cases;

7. On October 8, 2010, all parties in both cases will file dispositive motions;

8. On November 5, 2010, all parties in both cases will file responses to dispositive motions.

---

[1] Beneficial Innovations has resolved this matter with Morris Communications and will shortly file a motion to dismiss that defendant.

1

Accordingly, by November 5, 2010, all of the substantive events related to both actions will have occurred. Indeed, by that date, both cases and both Defendants will be ready to proceed to trial.

## ARGUMENT

This Court has the discretion to consolidate cases "involving a common question of law or fact." Fed. R. Civ. P. 42(a). "[A] trial court has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (internal quotations and citation omitted). As early as July 2008, the parties recognized that because of the common questions of law and fact present in both actions, it was reasonable to consolidate both actions so that all of the dates for the discovery deadline and the date for the construction of claims were the same. The parties subsequently recognized that because of the common issues of facts and law, it made sense to further consolidate these actions through and including the filing of dispositive motions.

"Once a court has identified a common question of law or fact, it must consider the following factors to determine whether consolidation would be appropriate:

(1) Interests of justice, *i.e.*, whether 'specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives,'

(2) Expeditious results, *i.e.*, significant savings of time or avoidance of supplication of effort;

(3) Conservation of resources; and

  (4)  Avoiding inconsistent results."

*Lake Charles Cane Lacassine Mill, Inc. v. Smar Int'l Corp.*, 2010 U.S. Dist. LEXIS 8135, 4-5 (W.D. La. Feb. 1, 2010)(internal citation omitted).

  Consideration of each of the relevant factors weighs in favor of consolidating these trials.

  **1. The interests of justice weigh in favor of consolidation.**

  To the extent that Google could identify any specific risk of prejudice or confusion by trying its case in December, 2010, such risk is certainly overborne by the burden on the parties (specifically Plaintiff's witnesses and experts) and available judicial resources, and the relative expense of having to try two cases six months apart, rather than one consolidate trial.  There is, of course, no prejudice to Google in having both matters heard on the date currently scheduled for the *Blockdot* Action.  Google has been jointly defending this action with The New York Times since the beginning of this litigation.  Google, like the New York Times, is currently prepared to conduct discovery and formulate all of its legal argument – including its positions regarding non-infringement and validity – by November 5, 2010.  Indeed, based on the current schedule (that applies to both Defendants), Plaintiff, the New York Times and the Court will be prepared to try the *Blockdot* Action by December 6, 2010.   So will Google.

  **2. Expeditious results and conservation of resources weighs in favor of consolidation.**

  Since the date that the Court ordered the further consolidation of these actions, Plaintiff has resolved these cases against, and has dismissed, all but two of the Defendants:  The New York Times and Google.  Now that these actions have been reduced to just two Defendants, there is no question that one trial would be very manageable. Moreover, having the parties try these matters once in December, 2010, as opposed to trying one case against The New York Times in

3

December, and having Plaintiff return six months later to try essentially the same against Google, would certainly result in saving the Court and the parties considerable time and resources.

The only basis for the current difference in the trial dates is that the Court initially set the trial date for the *AOL* Action one year after the trial date in the *Blockdot* Action, and the parties, at the time that these actions involved numerous defendants, determined that trying these matters on two separate occasions was appropriate. The landscape, however, has changed. There are only two defendants remaining, and each of these defendants will be prepared to try this case in December, 2010.

In accordance with Rule 42(a), Beneficial Innovations therefore requests that the trial date for the *AOL* Action be further consolidated with the trial date for the *Blockdot* Action. *See* Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court…it may order all the actions consolidated.").

## CONCLUSION

For the foregoing reasons, Beneficial Innovations, Inc. respectfully requests that the Court grant this Motion to Consolidate Trial Dates, so that both the *Blockdot* Action and the *AOL* are tried on the date in the Docket Control Order in the *Blockdot* Action – December 6, 2010.

Dated:  April 20, 2010                             Respectfully submitted,

                                                   By:    /s/ Julien A. Adams

                                                   S. Calvin Capshaw
                                                   State Bar No. 03783900
                                                   Elizabeth L. DeRieux
                                                   State Bar No. 05770585
                                                   Claire Abernathy Henry
                                                   State Bar No. 24053063
                                                   Energy Centre
                                                   1127 Judson Road, Suite 220

4

P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: chenry@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Charles Ainsworth
State Bar No. 00783521
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: rcbunt@pbatyler.com
Email: charley@pbatyler.com


Gregory Scott Dovel
CA State Bar No. 135387
Julien Adams
CA State Bar No. 156135
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Phone: (310) 656-7066
Fax: (310) 656-7069
E-mail: greg@dovellaw.com
E-mail: julien@dovellaw.com

ATTORNEYS FOR PLAINTIFF
BENEFICIAL INNOVATIONS, INC.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 20, 2010. Any other counsel of record will be served by facsimile transmission and first class mail.

                                /s/ Julien A. Adams
                                Julien A. Adams

**CERTIFICATE OF CONFERENCE**

      I am lead trial counsel for Beneficial Innovations. In compliance with L.R. 7(h), I conferred with counsel for the named defendants in a good faith attempt to resolve the issues raised by this motion. The conference took place by telephone on April 20, 2010. Beneficial Innovation's local counsel, Charles Ainsworth of Parker, Bunt, & Ainsworth, also participated. The parties were not able to reach an informal resolution of this motion.

                                /s/ Julien A. Adams
                                Julien A. Adams

                                s/ Charles Ainsworth
                                Charles Ainsworth