**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

BENEFICIAL INNOVATIONS, INC.,

       Plaintiff,

VS.

AOL LLC *et al*.

       Defendants.

Civil Action No: 2:07-cv-555 (TJW/CE)

**MOTION OF DEFENDANTS GOOGLE AND YOUTUBE FOR RECONSIDERATION
OF CLAIM CONSTRUCTION ORDER BASED ON AN APRIL 5, 2010 SUBMISSION
BY PLAINTIFF TO THE PTO IN THE REEXAMINATION OF THE '366 PATENT**

### *INTRODUCTION*

After the claim construction hearing in this case, but before this Court issued its Claim

Construction Memorandum Opinion and Order [Dkt. 249] ("Order"), the plaintiff, Beneficial

Innovations, Inc. ("Beneficial") admitted to the United States Patent and Trademark Office

("PTO") that a disputed claim construction term has a meaning that directly contradicts the

definition Beneficial proposed to this Court at the claim construction hearing.  Beneficial did not

advise the Court of this about-face, and the defendants were unaware of it at the time.  Shortly

thereafter, this Court issued its claim construction decision, defining the term "unrequested" in a

manner similar to Beneficial's argument to the Court, but directly contrary to Beneficial's

admission to the PTO.

When a patent owner defines a particular patent term during prosecution or

reexamination, the definition "is then binding in litigation."  *CVI/Beta Ventures v. Tura LP*, 112

F.3d 1146, 1158 (Fed. Cir. 1997).  That is precisely the case here.  Beneficial defined

"unrequested" in the pending reexamination of U.S. Patent No. 6,183,366 ("the '366 patent reexamination") on April 5, 2010.  That definition, as set forth below, is contrary to both Beneficial's proposed definition to this Court and – since Beneficial chose not to inform the Court of its change of position – to the Court's ultimate construction, unaware of Beneficial's admission.

### *The Term "unrequested"*

| Beneficial's definition in the reexam proceeding | Beneficial's argument at the *Markman* hearing |
|---|---|
| "advertising that just appears and is not in response to any immediately previous user input, e.g. a pop-up ad" | "not requested by the user" |

Beneficial's argument to the Court leaves ambiguous when an immediately previous user input will render an advertisement as "requested" or "unrequested."  Beneficial apparently intends to argue that whether an advertisement is "unrequested" will depend on the user's subjective state of mind.  On the other hand, to avoid anticipation during reexam, Beneficial's definition to the PTO clarifies that an advertisement is not "unrequested" if it is transmitted "in response to any immediately previous user input."

This sort of "hide the ball" gamesmanship is, plainly, an effort by Beneficial to have it both ways – to achieve the definition it seeks in litigation for infringement purposes, while positing an entirely different definition to the PTO to salvage the validity of its patent.  Moreover, this is no slight change in position – Beneficial's argument to the PTO is quite similar to defendants' claim construction position ("not sent in response to a signal from a user's computer," *i.e.*, just appears and is not in response to any immediately previous user input), and in any event is significantly different from the definition adopted by the Court.

The defendants Google Inc. and YouTube, LLC (hereinafter collectively referred to as "Google")  therefore ask the Court to reconsider its construction of "unrequested" in light of Beneficial's admission to the PTO about the meaning of that term in connection with the '366 patent reexamination.

### *BACKGROUND*

On February 2, 2010, this Court held the claim construction hearing in this case.  One of the disputed terms at the hearing was "unrequested" as used in the '366 patent.  At the hearing, Beneficial argued that the term, properly construed, means "not requested by the user," Declaration of Cosmin Maier ("Maier Decl."), Ex. 1 ("Tr.") at 32 (Transcript of Claim Construction Hearing), which the Court took to mean "without any specific request by the user," Order at 15.

In particular, during the claim construction hearing, Beneficial provided an example of what it argued was an "unrequested advertisement."  *See* Maier Decl., Ex. 2 at 79-83 (Beneficial *Markman* Presentation).  In Beneficial's example, a user was using the Google search engine to find information regarding a sporting event.  The resulting web page contained results of the search performed by the search engine, together with an advertisement.  *See id*.  The web page containing the advertisement was sent in immediate response to the user inputting a query. Beneficial characterized the advertisement as "unrequested."  *See id.*  Beneficial stated:

> In our construction, the user will make a request for an instance of a service, and that will result in a signal being sent to the SPNAN. It's a signal that's requested an instance of a service, a signal from the user's computer.
>
> In response to that signal [i.e., the user inputted query], the patents describe that [the server] will send back information that will include both the requested instance of the service -- in this case, on the left side of the slide, this is a request for information about Super Bowl, so that's what's

being requested -- and also what will come back is unrequested advertisement, the point of the patent being that the request relates to the specific service or instance of the service that's requested, and *the advertisement is unrequested in the sense that it's not requested as the informational service. It's not that it's not sent in response to a signal.*

Tr. at 32-33 (emphasis added).

Three days later, on February 5, 2010, the PTO issued a non-final Office Action in the '366 patent reexamination.  The Examiner rejected claim 1 (the only claim of the '366 patent involved in this case) over an article published in _Internet Week_ describing a prior art search engine operated by a company called InfoSeek.  Maier Decl., Ex. 3 at 2-3 (Office Action)[1]. _Internet Week_ described the InfoSeek search engine, stating that if a user inputs a keyword purchased by an advertiser, the search engine will select one of the advertiser's advertisements to combine with the results of the requested search.  See Maier Decl., Ex. 4 at 2 ("[T]he most powerful tool InfoSeek offers advertisers is the ability to 'buy' five key words.  If a visitor uses the search engine to look for any of those words, the advertiser's message will automatically appear on the top of the screen when the service provides links to the requested information.").

On April 5, 2010, Beneficial filed an Amendment and Response to the Office Action (the "Reexam Response").   In the Reexam Response, Beneficial admitted to the PTO that the advertisement delivered by the InfoSeek search engine with the requested search results was "requested" advertising:

> There is no teaching [in the _Internet Week_ article] of providing "unrequested" advertising (e.g., advertising that just appears and is not in response to any immediately previous user input, e.g. a pop-up ad).  All that is stated in the Internet Week reference is that ads should be changed, e.g., at least once a week, or 'to cycle them evenly through a week.' This is clearly not presenting an unrequested advertisement.

---

[1]      The _Internet Week_ article on InfoSeek was disclosed to Beneficial by defendants in their Invalidity Contentions in this case.

Reexam Response (Maier Decl., Ex. 5) at 32.

There is no difference, for purposes of the '366 patent, between the InfoSeek search engine (in which a search request returns results plus an advertisement) and the example shown by Beneficial at the claim construction hearing (in which a search request returns a result plus an advertisement). Indeed, the only difference is that Beneficial characterized the resulting advertisement as both "requested" (to the PTO) and "unrequested" (to the Court).

Beneficial did not provide the Court (or the defendants) with a copy of its submission to the PTO, even though Beneficial well knew that its definition to the PTO was contrary to its argument to the Court at the claim construction hearing. Beneficial also knew that the Court had not yet issued its claim construction order, and thus that its admission on this contested point would be at least relevant, and indeed binding. Unaware of Beneficial's binding admission, on April 12, 2010, this Court issued its claim construction Memorandum Opinion and Order. The Court construed "unrequested" to mean "not requested by the user" – adopting Beneficial's proposed construction to the Court *but not* Beneficial's admission to the PTO about the definition of that term.

Google seeks reconsideration of the Court's claim construction decision based on new evidence – Beneficial's admissions to the PTO about the term "unrequested" that differ substantially from Beneficial's arguments to the Court. Beneficial's admissions to the PTO are binding, and should be enforced here. That is, "unrequested" should be construed to mean advertising that "just appears and is not in response to any immediately previous user input." Beneficial's exact admission to the PTO.

*ARGUMENT*

## I        THE LEGAL STANDARD

### A.        *Motions for Reconsideration*

This Court will consider a motion to reconsider an interlocutory order so long as the motion is not unreasonably delayed.[2]  The grounds for granting a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure include: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice."  *In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002) (emphasis added).  This motion is being filed within three weeks after Google learned of Beneficial's April 5, 2010 Reexam Response to the PTO, which unquestionably constitutes "new evidence not previously available."

### B.        *Construing Claims Based on Statements Made During Reexamination*

When a patent owner defines a particular patent term during prosecution or reexamination, the definition "is then binding in litigation."  *CVI/Beta Ventures v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997); *see also Intergraph Corp. v. Intel Corp.,* 89 Fed. Appx. 218, 225 (Fed. Cir. 2004) ("[a] patentee may, of course, act as his own lexicographer and define a claim term in either the specification or the prosecution history"); Maier Decl., Ex. 6, *Bradford Co. v. Conteyor N. Am., Inc.*, No. 2009-1472, slip op. at 12 (Fed. Cir. Apr. 29, 2010) ("applicants' statement to the examiner is a compelling disclaimer of scope").  Statements made by a patentee during reexamination to distinguish a claim from the prior art may serve to limit

---

[2]  FED. R. CIV. P. 54(b); *see also, Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.,* 189 F.R.D.202, 205(D.P.R. 1999). "District court Markman . . . rulings in patent cases are interlocutory." *Forest Group, Inc. v. Bon Tool Co.,* No. H-05-4127, 2008 U.S. Dist. LEXIS 57134, 2008 WL 2962206, at *4 (S.D. Tex. July 29, 2008). Motions for reconsideration from interlocutory orders are governed by the standards for Federal Rule of Civil Procedure 59(e). *T-M Vacuum Prods., Inc. v. TAISC, Inc.,* No. H-07-4108, 2008 U.S. Dist. LEXIS 54248, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008).

the scope of the claim.  *Cias, Inc. v. Alliance Gaming Corp.,* 504 F.3d 1356, 1362 (Fed. Cir. 2007) ("[w]e agree with the district court that the reexamination characterization of [the prior art] requires the construction that the '422 claims exclude [certain] information ….").

The same principle applies to statements made during an ongoing reexamination.  *See Tesco Corp. v. Weatherford International, Inc.,* 2010 U.S. Dist. LEXIS 36434, *5 (S.D. Tex. 2010); *see also*, *Proctor & Gamble Co. v. Kraft Foods Global, Inc.,* 549 F.3d 842, 848 (Fed. Cir. 2008) ("The district court should monitor the proceedings before the PTO to ascertain whether its construction of any of the claims has been impacted by further action at the PTO or any subsequent proceeding.").  Moreover, arguments made to distinguish prior art during reexamination proceedings are retroactively applied to limit the scope of a claim limitation as of the issue date of the patent, not the date those arguments were made. *See, e.g., Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1997).

## II.    THE CLAIM TERM "UNREQUESTED" SHOULD BE CONSTRUED TO MEAN WHAT BENEFICIAL ADMITTED IT MEANS IN THE REEXAMINATION

In its Reexam Response, Beneficial expressly defined the term "unrequested" advertising to mean "e.g., advertising that just appears and is not in response to any immediately previous user input, e.g., a popup ad."  Maier Decl., Ex. 1 at 32.  *See Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.*, 431 F.2d 539, 544 (5th Cir. 1970) ("A patent may not, like a 'nose of wax,' be twisted one way to avoid anticipation and another to find infringement") (citing *White v. Dunbar*, 119 U.S. 47, 51, 30 L. Ed. 303, 7 S. Ct. 72 (1886)); *see also*, *Southwall Technologies v. Cardinal IG Co.*, 54 F.3d 1570, 1576 (Fed. Cir. 1995) ("Claims may not be construed one way in order to obtain their allowance and in a different way against accused infringers.").

In reconsidering the construction for "unrequested," the Court must and should hold Beneficial to the definition it advocated before the PTO.  *See CVI/Beta Ventures* 112 F.3d at 1158 ; *see also Cias, Inc. v. Alliance Gaming Corp.,* 504 F.3d 1356, 1362-63 (Fed. Cir. 2007) (statements made during reexamination narrow claim scope); Maier Decl. Ex. 6, *Bradford Co.*, No. 2009-1472, slip op. at 12 (statements made to PTO compelling disclaimer of scope).

## II.    CONCLUSION

For the reasons set forth above, Google respectfully requests that this Court reconsider its construction of "unrequested" and hold, consistent with Beneficial's admissions, that the term means advertising that "just appears and is not in response to any immediately previous user input."

Date:  May 3, 2010                          Respectfully submitted,

*/s/Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

Mark G. Matuschak
Vinita Ferrera
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
E-mail: mark.matuschak@wilmerhale.com

Kate Hutchins
Violetta G. Watson
Cosmin Maier

Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
E-mail: kate.hutchins@wilmerhale.com

**ATTORNEYS FOR DEFENDANT AND
COUNTER-CLAIM PLAINTIFFS GOOGLE
INC. AND YOUTUBE, LLC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendants Google Inc. and YouTube, LLC conferred with Plaintiff's counsel on May 3, 2010, and Plaintiff opposes this motion.

*/s/Cosmin Maier*
Cosmin Maier

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 3rd day of May, 2010.

*/s/ Melissa Richards Smith*
Melissa Richards Smith