IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: 2:07-CV-555 (TJW/CE) |
| | § | |
| AOL LLC, THE DALLAS MORNING | § | |
| NEWS, INC., GOOGLE INC., IGN | § | |
| ENTERTAINMENT, INC., MORRIS | § | |
| COMMUNICATIONS COMPANY, LLC, | § | |
| TRIBUNE INTERACTIVE, INC., YAHOO! | § | |
| INC., and YOUTUBE, LLC, | § | |
| | § | |
| Defendants. | § | |

**REPLY OF DEFENDANTS GOOGLE AND YOUTUBE IN SUPPORT OF
MOTION FOR RECONSIDERATION OF CLAIM CONSTRUCTION ORDER
BASED ON AN APRIL 5, 2010 SUBMISSION BY PLAINTIFF
TO THE PTO IN THE REEXAMINATION OF THE '366 PATENT**

Having successfully argued entirely inconsistent positions before the PTO in a reexamination of the '366 patent and this Court as part of its case against Google and YouTube, plaintiff Beneficial Innovations, Inc. ("Plaintiff") now unsuccessfully attempts to reconcile the two.  Specifically, in attempting to distinguish Claim 1 of the '366 patent from the Infoseek prior art discussed in *Internet Week*, Plaintiff plainly argued to the PTO that the Infoseek search engine's advertising was not "unrequested" because it was not "advertising that just appears and is not in response to *any immediately previous user input*, e.g., a popup ad."  (Declaration of Cosmin Maier dated Apr. 30, 2010 (filed May 5, 2010) ("Maier April 30 Decl."), Ex. 5 at 32 ("There is no teaching of providing 'unrequested' advertising.").)  In its opposition brief, however, Plaintiff attempts to expand the scope of this statement as referring to advertisements "not in response to any immediately previous *specific* request from the user."  (Pl. Beneficial

Innovations, Inc.'s Resp. to Defs.' Mot. for Recons. of the Ct.'s Claim Construction Order ("Pl.'s Br.") at 7 (emphasis added).) Plaintiff's attempt to distance itself from the definition it provided to the PTO serves only to highlight the inconsistency of its arguments. Moreover, Plaintiff's latest definition is still far different from the Court's definition – argued for successfully by Beneficial – of "not requested by the user."

## ARGUMENT

### I. Plaintiff's Arguments Underscore the Direct Contradiction between Plaintiff's Positions before the PTO and this Court

As set forth in Google's original brief, Plaintiff's argument before the PTO directly contradicts its claim construction position before this Court. Before the PTO, Plaintiff sought to differentiate its patent from Infoseek's prior art technology by arguing that Infoseek did not practice "unrequested" advertising. (*See* Maier Apr. 30 Decl., Ex. 5 at 32.) As described in *Internet Week*, Infoseek displayed advertisements "on Infoseek's search site together with the results of a users [sic] search" directly in response to the user's search query. (Maier Apr. 30 Decl., Ex. 3 at 2.) The advertisements were not ***specifically*** sought by the user, but rather, appeared in response to "key words" found in a user's search query. (*Id.* at 2-3.) During the claim construction hearing, however, in an attempt to align its patent with Google's technology, Plaintiff argued the exact opposite: that Google's search engine, which, like Infoseek, displays search results and advertising, directly in response to a user's search query but without the user specifically seeking the advertising, constitutes "unrequested" advertising. (*See* Maier Apr. 30 Decl., Ex. 1 at 32-33 Ex. 2 at 79-83.)

Plaintiff's elaborate attempt to create an artificial consistency between its two positions fails for at least four reasons. First, Plaintiff attempts to explain pop up ads as "unrequested" advertising that "is not sent in response to any *specific request by the user*" (Pl.'s Br. at 6), as

opposed to Plaintiff's original explanation to the PTO that pop up ads are "advertising that just appears and is not in response to any immediately previous *user input*." This is a disingenuous attempt to change what Plaintiff said to the PTO, replacing it with a phrase that is closer to – but still different form – Plaintiff's claim construction proposal adopted by the Court ("not requested by the user"). Plaintiff's argument only serves to underscore the contrast between its various inconsistent statements. The phrase "specific request by the user" seeks to inquire into whether the user specifically requested the particular advertising, whereas the phrase "user input" asks whether the advertising appeared in response to any user input, regardless of the user's intent. This direct contradiction is precisely the issue before this Court now.

Second, Plaintiff's attempt to link its statement to the PTO with only one aspect of the prior art – cycled ads – is irrelevant. (*See* Pl.'s Br. at 7.) Plaintiff cannot have it both ways; if the Infoseek search engine does not "teach . . . 'unrequested' advertising," as Plaintiff has stated to the PTO for purposes of maintaining its patent, then Plaintiff should be held to that statement before this Court, for purposes of enforcing its patent.

Third, whether Google's proposed claim construction for the term "unrequested" is refuted by the prosecution history, as Plaintiff purports it to be (*see* Pl.'s Br. at 8-9) (a position Google disputes), is irrelevant for purposes of Google's motion for reconsideration. Google is not asking this Court to adopt ***Google's*** proposed claim construction, but instead merely asks the Court to adopt ***Plaintiff's*** definition of "unrequested" as made to the PTO to salvage its patent: "advertising that just appears and is not in response to any immediately previous user input, e.g., a pop-up ad."[1]

---

[1] While it is a distinction without a difference for purposes of this motion, Plaintiff is also incorrect in its assertion that all pop-up ads are sent "in response to a signal from a user's computer." (Pl.'s Br. at 6.) While a pop-up ad *may* be sent in response to a signal, this is not a requirement. In fact, the specification of the '366 patent describes a pop-up ad that is not sent in response to a signal from the user's computer. *See* Cosmin Maier Decl.

Fourth, Plaintiff argues that the Infoseek and Google search engines do not "present advertisements in an identical fashion" because the *Internet Week* reference to the Infoseek search engine did not disclose a system that "combined" advertisements "with an instance of an 'informational service' as recited in Claim 1" of the '366 patent, whereas Google purportedly does. Plaintiff's Sur-Reply (filed May 27, 2010) at 2-3 [*Blockdot* Dkt. No. 265].) But this is irrelevant – the issue of whether Infoseek utilized the separate "combiner" element claimed in the '366 patent is completely unrelated to the separate and distinct "unrequested" claim element. Plaintiff's argument as to this issue is a classic red herring – what is important is not what Infoseek did or did not do in comparison to Google, but what definition Plaintiff gave to the PTO to overcome Infoseek, and how it compares to Plaintiff's successful argument before this Court.

## II.   Plaintiff's Statement to the PTO Was an Express Definition, Regardless of Plaintiff's Use of the Term "e.g."

Plaintiff's argument that by using the phrase "e.g." it did not expressly define the term "unrequested" (Pl.'s Br. at 2) is also incorrect for three reasons. First, the "e.g." portion of Plaintiff's definition was an example of the substantially different definition it argued to the PTO for "unrequested" – "advertising that just appears and is not in response to any immediately previous user input." The "e.g.," (pop-up ads) is an example of this different definition, but the definition itself is still substantially different than what Plaintiff successfully argued to this Court. Having made – and had accepted – different arguments before the PTO to salvage the validity of claim 1, Plaintiff is bound by them now. *See CVI/Beta Ventures v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997).

Second, Plaintiff's argument is directly contradicted by the context in which Plaintiff

---

dated June 1, Ex. 7 at col. 29:43-30:13 (describing a system where a server periodically sends advertisements to an ad receiving daemon, not in response to a signal); *id.* at 29:49-50 (upon receiving the ad, the ad receiver provides the ad to an ad viewer that displays the ad as a pop-up ad); *see also id.* at 30:8-13.

made its statement to the PTO. Even assuming Plaintiff's statement was simply an "example" of "unrequested" advertising, as Plaintiff contends (Pl.'s Br. at 2), the only other potential example of "unrequested" advertising would then be the type of advertising transmitted by Google's and Infoseek's search engine. However, this is precisely the type of advertising that Plaintiff sought to distance itself from for purposes of maintaining the validity of its patent before the PTO. Therefore, when presenting its position to the PTO, Plaintiff did not intend for "unrequested" to encompass anything more than "advertising that just appears and is not in response to any immediately previous user input." (Maier Apr. 30 Decl. Ex. 5 at 32.)

Third, as Plaintiff itself points out, the Federal Circuit in *Sinorgchem Co. v. ITC* has held that a claim's scope may be limited by an example given by a patentee as to what the patentee's invention covers, and that the use of the term "e.g." does not vitiate that limitation. *See* 511 F.3d 1132, 1136-38 (Fed. Cir. 2007); (Pl.'s Br. at 3-4). In *Sinorgchem*, the court explained, "[t]he term 'controlled amount' is set off by quotation marks – often a strong indication that what follows is a definition." *Id.* at 1136. Here, the term "unrequested" in Plaintiff's statement to the PTO is also set off by quotation marks. (*See* Maier Apr. 30 Decl. Ex. 5 at 32.) Furthermore, while the *Sinorgchem* court also pointed out that the word "is," a term used in the specification in that case, "may 'signify that a patentee is serving as its own lexicographer[,]'" it did not restrict the application of its holding only to instances where the word "is" is used. To the contrary, the *Sinorgchem* decision underscores the fact that Plaintiff's argument to the PTO can be considered an express, binding definition, regardless of whether it is preceded by the phrase "e.g." *See also Kinetic Concepts, Inc. v. Blue Sky Medical Group, Inc.*, 554 F.3d 1010, 1019 (Fed. Cir. 2009) (limiting scope of the term "wound" to "skin wounds" because "all of the examples described in the specification involve skin wounds."); *Irdeto*

*Access, Inc. v. Echostar Satellite Corp.*, 383 F.3d 1295, 1301 (Fed. Cir. 2004)  ("… every example in the specification … consistently point[s] to an implicit definition of group as a subset of all subscribers in the system."); *Flexsys America LP v. Kumho Tire U.S.A., Inc.*, Case No. 5:05CV156, 2010 WL 522814, 11 (N.D. Ohio Feb. 8, 2010) ("[T]he drafter of the '063 patent used the phrase 'e.g.' as part of the definition of 'controlled amount.'").[2]

## CONCLUSION

For the foregoing reasons and the reasons discussed in Google's opening brief, Google respectfully requests that the Court reconsider its construction of "unrequested" and hold, consistent with Beneficial's admissions, that the term means "advertising that just appears and is not in response to any immediately previous user input."

Dated:  June 1, 2010

Respectfully submitted,

 /s/ *Melissa Richards Smith*                 .
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Mark G. Matuschak
Vinita Ferrera
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

---

[2]  Plaintiff's reliance on *Gemstar-TV Guide Int'l Inc. v. Starsight Telecast, Inc.*, 383 F.3d 1352 (Fed. Cir. 2004), the only authority it cites to support its argument that Plaintiff did not define the term "unrequested,"  is misplaced.  (*See* Pl. Br. at 3.)  In *Gemstar*, the patentee provided "an example to illustrate differences between the invention and the prior art."  (*Id.*) (quoting *Gemstar*).  But, that is not what Plaintiff did here.  Instead, Plaintiff explicitly took a position as to the scope of the term "unrequested" and argued to the PTO that the prior art was different because the advertising there was not unrequested.  That is, it specifically defined "unrequested" to exclude precisely what it had previously told this Court was an example of unrequested advertising.

Telephone: (617) 526-6000
mark.matuschak@wilmerhale.com

Kate Hutchins
Violetta G. Watson
Cosmin Maier
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
kate.hutchins@wilmerhale.com
violetta.watson@wilmerhale.com
cosmin.maier@wilmerhale.com

**ATTORNEYS FOR DEFENDANTS
GOOGLE INC. AND YOUTUBE, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 1st day of June, 2010.

  /s/ *Melissa Richards Smith*
Melissa Richards Smith