IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BENEFICIAL INNOVATIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:07-CV-263-TJW-CE |
| | § | |
| BLOCKDOT, INC.; CAREERBUILDER, LLC.; CNET NETWORKS, INC.; DIGG, INC.; EBAUM'S WORLD, INC.; JABEZ NETWORK, INC.; THE NEW YORK TIMES COMPANY; THE WASHINGTON POST COMPANY; THE WEATHER CHANNEL INTERACTIVE, INC., | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| BENEFICIAL INNOVATIONS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 2:07-CV-555-TJW-CE |
| | § | |
| AOL LLC; THE DALLAS MORNING NEWS, INC.; GOOGLE INC.; IGN ENTERTAINMENT, INC.; MORRIS COMMUNICATIONS COMPANY, LLC; TRIBUNE INTERACTIVE, INC.; YAHOO! INC.; YOUTUBE, LLC, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's motion for clarification of Court's construction of the term "unrequested." (Dkt. No. 273.) Defendant The New York Times Company opposes this motion. (Dkt. No 277.) For the following reasons, the Court DENIES Plaintiff's Motion.

1

I.  **BACKGROUND**

This Court entered a claim construction order on April 12, 2010 construing certain terms of U.S. Patent Nos. 6,183,366 ("the '366 patent") and 6,712,702 ("the '702 patent"). (*See* Dkt. No. 253.) The '366 patent is currently pending in reexamination before the United States Patent and Trademark Office ("USPTO"). On February 5, 2010, the USPTO issued an Office Action in the '366 patent reexamination (the "February 5th Office Action") rejecting certain claims based upon certain prior art. In the '366 patent reexamination, the Examiner rejected claim 1 over an article published in Internet Week ("Internet Week") that described a prior art search engine operated by InfoSeek. In describing the InfoSeek search engine, the prior art reference states that if a user inputs a keyword in the search engine that is purchased by an advertiser, the advertiser's message will automatically appear on the top of the screen when the service provides links to the requested information. In other words, when the consumer inputs a search query, the InfoSeek search engine returns both the search results and a banner advertisement. Thus, the advertisements are not specifically sought by the user, but rather, appear in response to "key words" found in a user's search query.

In response to the Office Action, on April 5, 2010 ("Response to February 5th Office Action"), a week before this Court issued its claim construction order, the patentee filed an Amendment and Response that made certain arguments in traversing the Examiner's rejections. Among those arguments included a section where the patentee distinguished the "unrequested" advertising in the prior art from the claimed invention by arguing that the banner advertisement being delivered by the InfoSeek search engine with the search results was not "unrequested" advertising:

> There is no teaching of providing **"unrequested" advertising (e.g., advertising that just appears and is not in response to any immediately previous user input, e.g. a pop-up ad).** All that is stated in the Internet Week reference is that ads should be changed, e.g., at least once a week, or "to cycle them evenly through a week." This is clearly not presenting an unrequested advertisement. In fact, this Internet Week reference illustrates the very primitive advertising capabilities available on the Internet in mid 1995, wherein advertisements were substantially (if not entirely) static per user website session in mid 1995.

Response to February 5th Office Action at 32 (emphasis added).

Due to this statement by the patentee in reexamination, Defendant New York Times Company, and others, filed a motion for reconsideration. (Dkt. No. 258.) On June 30, 2010, this Court granted the motion for reconsideration and changed its construction of the term "unrequested" to mean "not in response to any immediate previous input by the user." (Dkt. No. 267.)

On July 14, 2010, the patentee filed another amendment and response to a final office action of the '366 reexamination. (Amendment and Response, July 14, 2010, attached as Ex. A to Dkt. No. 273.) It is important to note that this correspondence to the USPTO was a mere two weeks after the Court granted the first motion for reconsideration. In this July 14, 2010 correspondence, the patentee stated:

> Note that one court has construed "unrequested" as provided in allowed Claim 1 as "not in response to any immediate previous input by the user." Consistently with this construal of "unrequested," and with what is believed to be the Examiner's interpretation of "unrequested," it is presumed that for an advertisement to be "unrequested" means that the advertisement is "not in response to any immediate *specific* request by the user" for the advertisement.

(*Id.* at 11-12 (emphasis in original).) Then merely two weeks after this correspondence with the USPTO, on July 30, 2010, Plaintiff filed a motion for clarification of the Court's construction of the term "unrequested" from the Court's previous motion for reconsideration. (Dkt. No. 273.)

This motion for clarification is the subject of the present Memorandum Opinion and Order.

## II. LEGAL STANDARD

While Plaintiff has styled its motion as a "motion for clarification," the Court believes that the motion is actually a second motion for reconsideration.[1] The grounds for granting a motion for reconsideration under Rule 59(e) include: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

## III. DISCUSSION

The Court concludes there is no reason to grant a motion for reconsideration. Plaintiff does not allege the first or third grounds for granting a motion for reconsideration that are outlined above. The only potential ground for granting a motion for reconsideration is the availability of new evidence not previously available, and Plaintiff points to statements made in the '366 reexamination as "new evidence." However, the Court does not find the "new evidence" convincing; indeed, the Court does not believe it is new evidence at all. Instead, the Court concludes that the statements are merely self-serving statements crafted for the sole purpose of manufacturing evidence in order to support this motion for reconsideration, and not

---

[1] Plaintiff says "[a] motion for clarification is a well-recognized procedure for parties to seek clarification of the *meaning* of a Court's order, and it is often used to clarify a claim construction." (Dkt. No. 290 at 1 (emphasis in original).) But Plaintiff fails to cite any cases outlining a different or special standard to be used for a motion for clarification as compared to a motion for reconsideration. On the other hand, some courts have resolved a motion for clarification under the same standard as a motion for reconsideration. *See Automated Bus. Cos. v. ENC Tech., Corp.*, Civ. No. H-06-1032, 2009 U.S. Dist. LEXIS 101031, at *4 (S.D. Tex. Oct. 30, 2009). In any event, the Court believes that Plaintiff is attempting, under the guise of a motion for clarification, to have the Court to reconsider the construction of a term that the Court has already construed twice. Further, in Plaintiff's opening brief Plaintiff indicates that there is a genuine dispute between the parties, perhaps requiring clarification, by contending that the parties have different "proposals" for what the Court means by the phrase "input by the user." (Dkt. No. 273 at 2.) However, that is not the case. The parties do not have different "proposals"; instead, Defendants request the Court not to clarify its construction because Defendants state "[the] Court's construction is clear." (Dkt. No. 277 at 2.)

made for the purpose of limiting or defining the claim scope. *See CIAS, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1362-63 (Fed. Cir. 2007) (describing how statements made by a patentee during reexamination may be used to limit or change a claim scope and thus affect claim construction). The statements made by Plaintiff in reexamination were made two weeks after this Court's previous Order on the motion for reconsideration. The statements Plaintiff references include:

> Note that one court has construed "unrequested" as provided in allowed Claim 1 as "not in response to any immediate previous input by the user." Consistently with this construal of "unrequested," and with what is believed to be the Examiner's interpretation of "unrequested," it is presumed that for an advertisement to be "unrequested" means that the advertisement is "not in response to any immediate *specific* request by the user" for the advertisement.

(Amendment and Response, July 14, 2010, attached as Ex. A to Dkt. No. 273, at 11-12 (emphasis in original).) Plaintiff argues that "[t]his patent holder's statement to the PTO regarding its definition of the phrase "input by the user" is binding in this litigation." (Dkt. No. 273 at 8.) The Court disagrees. The Court rejects this attempt by Plaintiff to alter the Court's construction of "unrequested" by making after-the-fact, self-serving statements to the USPTO in reexamination. To allow Plaintiff's argument to succeed would open the door for "gamesmanship" where patentees could take advantage of reexamination to alter the Court's construction of disputed claim terms after the Court has issued its construction. Therefore, Plaintiff has not shown the availability of new evidence that was previously unavailable, so Plaintiff's motion for reconsideration is without merit.

In any event, to the extent Plaintiff seeks clarity of the Court's construction, Plaintiff received that clarity from the Court's previous Order on the first motion for reconsideration. In the briefing for the previous motion for reconsideration, Plaintiff presented the same argument:

> Beneficial Innovation's statement to the PTO is properly read as follows: There is no teaching of providing 'unrequested' advertising (*e.g.*, advertising that just appears and is not in response to any immediately previous [specific request from the user], *e.g.*, a popup ad).

(Response to First Motion for Reconsideration, Dkt. No. 262 at 5. (brackets in original).) In the Court's previous Order (Dkt. No. 267), the Court rejected Plaintiff's argument and construed "unrequested" as "not in response to any immediate previous input by the user." The Court likewise concludes that Plaintiff's arguments in the present motion are also without merit.

### IV. CONCLUSION

Therefore, the Court concludes that "unrequested" should be construed to mean "not in response to any immediate previous input by the user." Plaintiff's motion for clarification (Dkt. No 273) is DENIED. The parties are ordered that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the Court.

SIGNED this 27th day of October, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE